

**U.S. Department of Justice**

**Michael J.  Sullivan**
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*United States Courthouse,  Suite 9200*
*1 Courthouse Way*
*Boston, Massachusetts  02210*

November 10, 2004

Attorney John Benzan
70 Warren Avenue
Roxbury, MA   02119

      Re:   United States v. FELIX ALVAREZ
          Criminal No.  04-10295-PBS

Dear Mr. Benzan:

     Pursuant to Fed. R. Crim. P. 16 and Rules 116.1(C) and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts, the government provides the following automatic discovery in the above-referenced case:

A.   <u>Rule 16 Materials</u>

1.   <u>Statements of Defendant under Rule 16 (a)(1)(A)</u>

     a.   <u>Written Statements</u>

     Enclosed are the following relevant written statements made by the defendant Felix Alvarez in the possession, custody or control of the government, the existence of which is known to the attorney for the government:

          1.   Federal Bureau of Investigation ("FBI") Advice of Rights form;
          2.   Booking reports of the Boston Police Department ("BPD");
          3.   Identification materials including Massachusetts Registry of Motor Vehicles ("RMV"), Plymouth County Sheriff's Office and FBI identification

documents.

4.      See paragraph 4 B. below, search warrant returns
        and FBI reports of the execution of the search
        warrants enclosed herein for information retrieved
        from the defendant's cellular telephone.

   b.    Recorded Statements

   There are no relevant recorded statements of the defendant,
Felix Alvarez in the possession, custody or control of the
government, which are known to the attorney for the government.

   c.    Grand Jury Testimony of the Defendant

   The defendant, Felix Alvarez did not testify before a grand
jury in relation to this case.

   d.    Oral Statements to Then Known Government Agents

   The government is unaware of any oral statements made by the
defendant before or after arrest, in response to interrogation by
a person then known to the defendant to be a government agent,
which the government intends to use at trial.


2.    Defendant's Prior Record under Rule 16 (a)(1)(B)

   It is the government's understanding that the defendant was
provided with any prior criminal record of the defendant by
pretrial services.  If you need an additional copy, kindly let me
know.


3.    Documents and Tangible Objects under Rule 16(a)(1)(C)

   Enclosed are copies of all books, papers, documents and
tangible items which are within the possession, custody or
control of the government, and which are material to the
preparation of the defendant's defense or are intended for use by
the government as evidence in chief at the trial of this case, or
were obtained from or belong to the defendant.  These items are
Bates stamped #s 1-119.  The government has included photocopies
of photographs taken during the course of the investigation.  The
original photographs and other materials may be inspected by
contacting the undersigned Assistant U.S. Attorney and making an
appointment to view the same at a mutually convenient time.

   Enclosed are copies of the Grand Jury minutes dated

September 23, 2004 (Two Sets) and Grand Jury exhibits numbered as
follows:

        #1 - RMV registration document;
        #2 - RMV license document;
        #3 - Department of Public Health Certificates of
             Analysis (six pages).

4.    Reports of Examinations and Tests under Rule 16 (a)(1)(D)

     There presently are no reports of physical or mental
examinations or scientific tests or experiments made in
connection with this case, other than the certificates of
analysis of drug testing referenced above.

B.    Search Materials under Local Rule 116.1(C)(1)(b)

     A search warrant was executed at the BPD on September 22,
2004 for the information contained in the cellular telephone
seized in the case.  A copy of the search warrant, application,
affidavit, and return are enclosed.

     A second search warrant was executed at the FBI office on
September 23, 2004 for the information contained in the cellular
telephone seized in the case including text messages.  A copy of
the search warrant, application, affidavit, and return are
enclosed.

     A search was conducted of the 1993 Honda, Massachusetts
registration 19EC15 on July 6, 2004 by the BPD.  Enclosed is an
inventory of evidence seized during that search included in the
BPD incident report, booking reports, monies and drug seizure
forms.

C.    Electronic Surveillance under Local Rule 116.1(C)(1)(c)

        No oral, wire, or electronic communications of the
defendant as defined in 18 U.S.C. § 2510 were intercepted
relating to the charges in the indictment.

D.    Consensual Interceptions under Local Rule 116.1(C)(1)(d)

        There were no interceptions (as the term "intercept" is
defined in 18 U.S.C. § 2510(4)) of wire, oral, or electronic
communications relating to the charges contained in the
indictment, made with the consent of one of the parties to the
communication in which the defendant was intercepted or which the
government intends to offer as evidence in its case-in-chief.

E.    Unindicted Coconspirators under Local Rule 116.1(C)(1)(e)

There is no conspiracy count charged in the indictment.


F.    Identifications under Local Rule 116.1(C)(1)(f)

I have no information indicating that the defendant, Felix Alvarez, was the subject of an investigative identification procedure used with a witness the government anticipates calling in its case-in-chief involving a line-up, show-up, photo spread or other display of an image of the defendant.  In the event that I become aware that such a procedure was used, I will advise you at that time and provide you with copies of any tangible evidence reflecting, used in or memorializing the identification procedure.

G.    Exculpatory Evidence Under Local Rule 116.2(B)(1)

1.    The government is unaware of any information that would tend directly to negate the defendant's guilt concerning any count in the indictment.

2.    The government is unaware of any information that would cast doubt on the admissibility of evidence that the government anticipates offering in its case-in-chief and that could be subject to a motion to suppress or exclude.

3.    No promises, rewards, or inducements have been given to any witness whom the government anticipates calling in its case-in-chief.

4.    The government is unaware that any of its named case-in-chief witnesses has any criminal record.

5.    The government is unaware that any of its named case-in-chief witnesses has any criminal cases pending.

6.    No named percipient witness failed to make a positive identification of a defendant with respect to the crime at issue.

Moreover, no identification procedure was used in this case.

H.    Other Matters

The government is aware of its continuing duty to disclose newly discovered additional evidence or material that is subject to discovery or inspection under Local Rules 116.1 and

4

116.2(B)(1) and Rule 16 of the Federal Rules of Criminal Procedure.

The government requests reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure and Local Rule 116.1(D).

The government demands, pursuant to Rule 12.1 of the Federal Rules of Criminal Procedure, written notice of the defendant's intention to offer a defense of alibi.  The time, date, and place at which the alleged offense was committed is set forth in the indictment in this case, a copy of which you previously have received.

Please call the undersigned Assistant U.S. Attorney at 617-748-3215 if you have any questions.

                              Very truly yours,

                              MICHAEL J. SULLIVAN
                              United States Attorney

                    By:
                              /s/ Glenn A. MacKinlay
                              GLENN A. MACKINLAY
                              Assistant U.S. Attorney

enclosures

cc:  Dianalynn Saccoccio
     Clerk to the Honorable Chief
     Magistrate Judge Marianne B. Bowler
     (w/o enclosures)