```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA,      )
          Plaintiff,           )
                               )
          v.                   )   Criminal No. 04-10295-PBS
                               )
FELIX ALVAREZ,                 )
    a/k/a Jose Luis,           )
    a/k/a Jose Luis Medrano,   )
    a/k/a Anibal DeJesus,      )
          Defendant.           )
```

**UNITED STATES' MOTION FOR ISSUANCE
OF A PRELIMINARY ORDER OF FORFEITURE**

The United States of America, by its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, respectfully moves this Court for the issuance of a Preliminary Order of Forfeiture in the above-captioned case pursuant to Title 21, United States Code, Section 853. In support thereof, the United States sets forth the following:

1. On or about September 23, 2004, a federal grand jury sitting in the District of Massachusetts returned a one count Indictment charging Defendant Felix Alvarez, a/k/a Jose Luis, a/k/a Jose Luis Medrano, a/k/a Anibal DeJesus ("Alvarez" or the "Defendant"), with the following violations: Possession of Heroin with Intent to Distribute, and Aiding and Abetting, in violation of 21 U.S.C. § 841(a)(1), and 18 U.S.C. § 2.

2. The Indictment also contained a Forfeiture Allegation, which, as a result of committing one or more of the offenses alleged in Count One of the Indictment, and pursuant to 21 U.S.C.

§ 853, sought the forfeiture of: any and all property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of such offenses; and/or any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violations, including, without limitation:

- $1,133.00 in United States Currency, seized from Felix Alvarez by the Boston Police Department on July 6, 2004 (the "Defendant Currency").

3. Further, in accordance with the Forfeiture Allegation of the Indictment, if the above-referenced Defendant Currency, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or deposited with a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant's, up to the value of the Defendant Currency, pursuant to 21 U.S.C. § 853(p).

4. On or about July 20, 2005, a change of plea hearing was held where Alvarez pled guilty to Count One of the Indictment.

5. By virtue of Alvarez's guilty plea and subsequent conviction, and the Forfeiture Allegation of the Indictment, the United States is now entitled to forfeiture of the Defendant

Currency, or substitute assets, in a value up to the value of the Defendant Currency.  See Rule 32.2(b)(2); 21 U.S.C. § 853(p); United States v. Candelaria-Silva, 166 F.3d 19, 41 (1st Cir. 1999).  Therefore, the Court may enter a preliminary order of forfeiture, pursuant to 21 U.S.C. § 853(a), and Rule 32.2(b)(1) and (b)(2), directing the forfeiture of the Defendant Currency.

6.   This Court's jurisdiction in this matter is founded upon 21 U.S.C. § 853(a), which provides that with respect to any person convicted of drug offense punishable by imprisonment for more that one year:

> [t]he Court, in imposing sentence..., shall order...that the person forfeit to the United States all property described in this subsection.

7.   Rule 32.2(b)(1), (b)(2), and (b)(3) of the Federal Rules of Criminal Procedure provides that as soon as is practicable after entering a guilty verdict on any count on which forfeiture is sought in an indictment, the court shall determine whether the government has established the requisite nexus between the property and the offense, subjecting the property to forfeiture.  The court's determination may be based on evidence already in the record, or, if the forfeiture is contested, on evidence or information presented by the parties at a hearing after the verdict.  If the court finds that property is subject to forfeiture, it shall promptly enter a preliminary order of forfeiture directing the forfeiture of specific property without

regard to any third party's interest in all or part of it.  At sentencing - or at any time before sentencing if the defendant consents - the order of forfeiture becomes final as to the defendant and shall be made part of the sentence and included in the judgment.

    8.   Upon the issuance of a Preliminary Order of Forfeiture and pursuant to 21 U.S.C. § 853(n), the United States Marshals Service will publish at least once for three successive weeks in a newspaper of general circulation, notice of this Order, notice of the United States' intent to dispose of the Defendant Currency in such manner as the Attorney General or his designee may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the Defendant Currency must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.  This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Defendant Currency, shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited Defendant Currency and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an

interest in the Defendant Currency that is the subject of the Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

WHEREFORE, the United States respectfully moves that this Court enter a Preliminary Order of Forfeiture against the Defendant Currency in the form submitted herewith.

```
                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney,


                              /s/ Kristina E. Barclay
                              GLENN A. MACKINLAY
                              KRISTINA E. BARCLAY
                              Assistant U.S. Attorneys
                              United States Courthouse
                              Suite 9200
                              1 Courthouse Way
                              Boston, MA 02210
Date: September 30, 2005     (617) 748-3100
```

**CERTIFICATE OF SERVICE**

    I, Kristina E. Barclay, Assistant U.S. Attorney, hereby certify that a true copy of the foregoing Motion for Preliminary Order of Forfeiture, as well as the proposed Preliminary Order of Forfeiture, was served upon John Benzan, Esquire, Law Offices of John Benzan, Suite 8, 70 Warren Street, Roxbury, Massachusetts 02119, counsel for Defendant Felix Alvarez, by first class mail, postage prepaid.

                                                        /s/ Kristina E. Barclay
                                                        Kristina E. Barclay
                                                        Assistant U.S. Attorney

Dated: September 30, 2005