UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,      )
            Plaintiff,      )
                     )
            v.      )      Criminal No. 04-10295-PBS
                     )
FELIX ALVAREZ,      )
    a/k/a Jose Luis,      )
    a/k/a Jose Luis Medrano, )
    a/k/a Anibal DeJesus,      )
            Defendant.      )

## PRELIMINARY ORDER OF FORFEITURE

**SARIS, D.J.,**

WHEREAS, on or about September 23, 2004, a federal grand jury sitting in the District of Massachusetts returned a one count Indictment charging Defendant Felix Alvarez, a/k/a Jose Luis, a/k/a Jose Luis Medrano, a/k/a Anibal DeJesus ("Alvarez" or the "Defendant"), with the following violations:  Possession of Heroin with Intent to Distribute, and Aiding and Abetting, in violation of 21 U.S.C. § 841(a)(1), and 18 U.S.C. § 2;

AND WHEREAS, the Indictment also contained a Forfeiture Allegation, which, as a result of committing one or more of the offenses alleged in Count One of the Indictment, and pursuant to 21 U.S.C. § 853, sought the forfeiture of:  any and all property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of such offenses; and/or any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violations, including, without limitation:

- $1,133.00 in United States Currency, seized from Felix Alvarez by the Boston Police Department on July 6, 2004 (the "Defendant Currency");

AND WHEREAS, on or about July 20, 2005, a change of plea hearing was held where Alvarez pled guilty to Count One of the Indictment;

AND WHEREAS, by virtue of Alvarez's guilty plea and subsequent conviction, and pursuant to 21 U.S.C. § 853(a), and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States now is entitled to a Preliminary Order of Forfeiture against the Defendant Currency, or substitute assets, in a value up to the value of the Defendant Currency.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED that:

1.    Based upon Alvarez's guilty plea and subsequent conviction, the United States is hereby authorized to seize the Defendant Currency, and it is hereby forfeited to the United States of America for disposition, pursuant to the provisions of 21 U.S.C. § 853(a) and (p).

2.    If the Defendant Currency, as a result of any act or omission by Alvarez, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be

divided without difficulty, the United States is entitled to seek

forfeiture of any other property of Alvarez's, up to the value of

the Defendant Currency, pursuant to 21 U.S.C. § 853(p).

3.    The United States Marshals Service shall hold the

Defendant Currency in its secure custody and control.

4.    Pursuant to 21 U.S.C. § 853, the United States Marshals

Service shall take any other appropriate steps pursuant to the

applicable provisions of 21 U.S.C. § 853 to seize, forfeit, and

dispose of the Defendant Currency, giving notice as required by

law.

5.    Pursuant to 21 U.S.C. § 853(n)(1), the United States

shall publish, at least once for three successive weeks in a

newspaper of general circulation in the District of

Massachusetts, notice of this Order and of the United States'

intent to dispose of the Defendant Currency in such manner as the

Attorney General may direct.

6.    Pursuant to 21 U.S.C. § 853(n), the Government may

also, to the extent practicable, provide direct written notice to

any person known to have alleged an interest in the Defendant

Currency that is the subject of this Order of Forfeiture as a

substitute for published notice as to those persons so notified.

7.    Pursuant to 21 U.S.C. § 853(n)(2) and (3), the notice

referred to above shall state: (a) that any person, other than

the Defendant, asserting a legal interest in the Defendant

Currency, shall within thirty (30) days of the final publication

of the notice or that person's receipt of direct written notice,

whichever is earlier, file a petition with the United States

District Court in Boston, Massachusetts, requesting a hearing to

adjudicate the validity of his or her interest in the Defendant

Currency; and (b) that the petition shall be signed by the

petitioner under the penalty of perjury and shall set forth the

nature and extent of the petitioner's right, title or interest in

the Defendant Currency, the time and circumstances of the

petitioner's acquisition of the right, title or interest in the

Defendant Currency, any additional facts supporting the

petitioner's claim, and the relief sought.

    8.    Pursuant to 21 U.S.C. § 853(n)(7), following the

Court's disposition of all petitions filed under this subsection,

or if no such petitions are filed following the expiration of the

period provided in 21 U.S.C. § 853(n)(2) for the filing of such

petitions, the United States of America shall have clear title to

the Defendant Currency.

    9.    Upon adjudication of all third party interests, this

Court will enter a Final Order of Forfeiture pursuant to 21

U.S.C. § 853(n) and Rule 32.2 of the Federal Rules of Criminal

Procedure, in which all interests will be addressed.

                                    _____
                                    PATTI B. SARIS
                                    United States District Judge

Dated: _____